# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-00326V

| | |
|---|---|
| STACI ARNOLD,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: October 12, 2023 |

*Jerome A. Konkel, Samster, Konkel & Safran, S.C.,* Milwaukee, WI, for Petitioner.

*Steven Santayana,* U.S. Department of Justice, Washington, DC, for Respondent.

### **DECISION AWARDING DAMAGES**[1]

On March 25, 2022, Staci Arnold filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine administered on October 19, 2020. Petition at 3. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On September 8, 2023, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On October 11, 2023, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded (a) a lump sum payment of $85,000.00, representing compensation for pain and suffering; and (b) a lump sum payment of $7,667.38, representing compensation for satisfaction of the State of

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

New York Medicaid lien. Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner:**

A. **A lump sum payment of $85,000.00, representing compensation for pain and suffering in the form of a check payable to Petitioner; and**

B. **A lump sum payment of $7,667.38, representing compensation for satisfaction of the State of New York Medicaid lien, in the form of a check payable jointly to Petitioner and the New York Department of Health.**

Petitioner agrees to endorse and mail this payment to:

NEW YORK STATE DEPARTMENT OF HEALTH
P.O. Box 415874
Boston, MA 02241-5874

These amounts represent compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

|  |  |
|---|---|
| STACI ARNOLD, | ) |
| Petitioner, | ) |
| v. | ) No. 22-326V |
|  | ) Chief Special Master Corcoran |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) ECF |
| Respondent. | ) |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On March 25, 2022, Staci Arnold ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered a Table shoulder injury related to vaccine administration ("SIRVA") as the result of an influenza ("flu") vaccination received on October 19, 2020. Petition at 3, 7. On September 7, 2023, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a Table SIRVA, and the next day, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF No. 24; ECF No. 25.

**I.   Items of Compensation**

   A.   Pain and Suffering

Respondent proffers that petitioner should be awarded **$85,000.00** in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

B. <u>Medicaid Lien</u>

Respondent proffers that petitioner should be awarded funds to satisfy the State of New York Medicaid lien in the amount of **$7,667.38**, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of New York may have against any individual as a result of any Medicaid payments the State of New York has made to or on behalf of petitioner from the date of her eligibility for benefits through the date of judgment in this case as a result of her alleged vaccine-related injury suffered on or about October 19, 2020, under Title XIX of the Social Security Act.  Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

II. **Form of the Award**

Petitioner is a competent adult.  Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through two lump sum payments as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[1]:

A. A lump sum payment of **$85,000.00**, in the form of a check payable to petitioner; and

B. A lump sum payment of **$7,667.38**, representing compensation for satisfaction of the State of New York Medicaid lien, in the form of a check payable jointly to petitioner and the New York State Department of Health.

Petitioner agrees to endorse the check to the State of New York Department of Health for satisfaction of the Medication lien and mail it to the following address:

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

NEW YORK STATE DEPARTMENT OF HEALTH
P. O. Box 415874
Boston, MA 02241-5874

**III.** **Summary of Recommended Payments Following Judgment**

    A.  Lump sum payable to petitioner, Tiffany Wentworth:     **$85,000.00**

    B.  Lump sum payable jointly to petitioner and the New York State Department of Health:     **$7,667.38**

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

TRACI R. PATTON
Assistant Director
Torts Branch, Civil Division

s/ *Steven C. Santayana*
STEVEN C. SANTAYANA
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Tel: (202) 451-7675
steven.c.santayana@usdoj.gov

Dated: October 11, 2023